**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10630 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00642-LEK-1 |
| v. | |
| ALVAR GANTE TOLEDO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted February 20, 2014
University of Hawaii, Manoa

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

Alvar Toledo appeals the sentence entered in his case by the district court.

Because there was no objection at sentencing to breach of the plea agreement

between Toledo and the government, we review for plain error. *Puckett v. United*

*States*, 556 U.S. 129, 134–35 (2009). We affirm the district court.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The information about Toledo's long-term drug trafficking of approximately 38 pounds of methamphetamine was not protected by any agreement; there was sufficient evidence that Toledo revealed the information shortly after his arrest.[1] *See* U.S.S.G. § 1B1.8(b)(1). Nor did the government breach the plea agreement by mentioning the 38 pounds of methamphetamine at sentencing; the plea agreement clearly stated that Toledo was responsible for "not less than" 723.69 grams of methamphetamine. Finally, given the other substantial information of drug quantity provided the district court in the presentence report, any breach arising from the prosecutor's failure to argue that the correct starting point for sentence calculation was Level 36, as the plea agreement provided, did not affect Toledo's "substantial rights" under plain error review. *United States v. Olano*, 507 U.S. 725, 734 (1993) (quoting Fed. R. Crim. P. 52(b)). The record shows that the court was influenced by these considerations such that there was no "reasonable probability that the error affected the outcome of the [sentencing]." *United States v. Whitney*, 673 F.3d 965, 972 (9th Cir. 2012) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration in original); *see also Puckett*, 556 U.S. at 134–35.

**AFFIRMED.**

---

[1] The panel declines to take judicial notice of the proffer letter dated December 1, 2011.